UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------

FRANK H. REITH,

                Plaintiff,

v.	5:08cv01034 NPM/DEP

UNITED STATES OF AMERICA,

                Defendant.

-------------------------------------------------------------------------------------------------
APPEARANCES	OF COUNSEL

Office of Gilles R. Abitbol	Gilles R. Abitbol, Esq.
Attorney for Plaintiff
121 Green Acres Drive
Liverpool, NY     13090

Office of the United States Attorney	Charles E. Roberts, Esq.
Attorney for Defendant
100 South Clinton Street
Syracuse, NY     13261-7198

Neal P. McCurn, Senior District Judge

## MEMORANDUM-DECISION and ORDER

Plaintiff Frank H. Reith ("plaintiff") brings this action pursuant to the

Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. § 2671 et. seq., against

the United States of America ("defendant"), seeking damages for injuries

1

stemming from alleged negligence by the Veterans Affairs Medical Center ("VAMC") in the handling of his medical information. Currently before the court is defendant's motion for summary judgment (Doc. No. 22). For the reasons set forth below, defendant's motion for summary judgment is granted.

I.      **Facts and Procedural History**

As a threshold matter, the court notes that counsel for the plaintiff did not submit a statement of material pursuant to Local Rule 7.1(a)(3) of the Northern District of New York.[1] At the time the motion for summary judgment was filed in the current action, Local Rule 7.1(a)(3) stated that [2]

> Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. <u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion</u>.

---

[1] Despite the defendant's motion being clearly marked as a motion for summary judgment, plaintiff states that "[t]his is the second Motion to Dismiss brought by the Defendant," (Doc. No. 28), even though plaintiff next cited Rule 56(c) of the Federal Rules of Civil Procedure as the applicable rule. Defendant brought its previous motion to dismiss solely on the issue of subject matter jurisdiction. The court found that the law required a finding of subject matter jurisdiction, and that the case was properly before the court (Doc. No. 12).

[2] 3. Summary Judgment Motions (Amended January 1, 2008).

> The moving party shall also advise pro se litigants about the consequences of their failure to respond to a motion for summary judgment. See L.R. 56.2.
>
> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs. The Court shall deem admitted <u>any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert</u>.

N.D.N.Y. L.R. 7.1(a)(3)  (emphasis in original) (2008).

Accordingly, the court deems admitted the facts contained in defendant's statement of material facts for the purposes of this motion.  Although the court assumes familiarity with the facts of this case from the Memorandum, Decision and Order on defendant's motion to dismiss in this action, filed on July 28, 2010 (Doc. No. 12), the court sets forth below the facts it has now deemed admitted.

> Plaintiff alleges that on January 25, 2008 he visited the Veterans Administration Medical Center in Syracuse, to obtain medical records for his insurance company, regarding a back ailment. Complaint ¶¶ 16-18. He alleges he requested that the VA not disclose anything not related to the back pain, and in particular requested that no psychiatric records be released. ¶ 18. He alleges the VA negligently released information about his psychological illnesses to his insurer. ¶ 21.
>
> Plaintiff alleges several possible, future injuries: the psychiatric

information could "potentially" be used to shield his employer from future liability for an "unforeseen" accident (Complaint, ¶ 24); because of this release, he "may be" deemed unfit to drive a truck, and be terminated by his employer (¶ 25); he may suffer a "potential" loss of employment, wages, and other benefits (¶ 26); and his chances of finding a new job "if" he is let go, or receiving a promotion, are greatly reduced (¶ 28). The Complaint alleges that plaintiff might lose his job due to the release of information. The Complaint alleges no current or actual injuries.

The Complaint alleges five causes of action: 1) the VA failed to train its care providers to take notes of non-disclosure oral requests, 2) the VA failed to provide a procedure to prevent the disclosure of such information, 3) the VA failed to provide plaintiff with information that his nondisclosure request had to be in writing on the release itself, 4) the VA released unauthorized information to his employer/insurer, and 5) negligent infliction of emotional distress.

On January 25, 2008, plaintiff visited the Veterans Administration Medical Center in Syracuse, and signed a request for the release of medical records to an insurance company, ESIS Getzville. Ex. 4. The form states "I request and authorize Department of Veterans Affairs to release the information specified below to the organization, or individual named on this request." Id., VETERAN'S REQUEST. Plaintiff requested the release of three broad categories of information: "copy of hospital summary," "copy of outpatient treatment note(s)," and "other" [in the ]"Information Requested" section of [the] release. "Other" specified records included "copy of medical records dated 12/1/07 thru 1/25/08 pertaining to the low back injury." Id.

The request for release of medical records contains no exception or exclusion for psychiatric records; and it contains no request that mental health information be redacted from records of any other treatment. The form is signed by Frank Reith, twice. See "Signature of Patient or Person Authorized to Sign for Patient," and the lower section "For VA Use Only," "Released by Frank H. Reith."

>Ex. 4.
>
>Finally, the form states that "I may revoke this authorization, in writing, at any time except to the extent that action has already been taken to comply with it." Id., "Authorization" section. Plaintiff does not allege that he ever revoked the foregoing authorization in writing; and he admits that action was taken, in his presence, to immediately release the records to his insurance company, and that he was given copies of those records (which contained mental health information) in the records office of VA employee James Spivey.
>
>It is undisputed that the VA released the plaintiff's medical records in accordance with the specific terms of the written authorization. Ex. 4, Complaint.

Defendant's Statement of Material Facts (Doc. No. 22-15).

The record also indicates that plaintiff repeatedly denies that he suffers from any psychological impairment or mental illness, despite the fact that at all times relevant to this action, plaintiff was receiving a 70% service-connected disability for paranoid schizophrenia. Plaintiff also left his employment as a truck driver for Penn Traffic/P&C, relative to a physical injury, on January 20, 2009.

## II. Discussion

In its motion for summary judgment, defendant argues, inter alia, that the VAMC released plaintiff's medical records pursuant to the terms of a written authorization; that there is no proof of any negligence on the part of the VAMC; that there is no proof of any violation of the Privacy Act; that plaintiff's claim that he might lose his job is speculative and supported by no proof; and that plaintiff

has offered no proof that the VA's release of information pursuant to his written authorization has caused him any adverse effects.

    A.    Motion for Summary Judgment

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82 (2d Cir. 2004). "[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]" See Security Ins., 391 F.3d at 83, citing Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), citing Anderson, 477 U.S. at 250-51.

While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving

party must "set forth specific facts showing that there is a genuine issue for trial," see Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002), (citing Fed. R. Civ. P. 56(c)), by a showing sufficient to establish the existence of every element essential to the party's case, and on which that party will bear the burden of proof at trial, see Peck v. Public Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003), cert. denied, 124 S.Ct. 540 (2003).

B.  Privacy Act

The federal Privacy Act, codified at 5 U.S.C.A. § 552a (Records maintained on individuals) states in pertinent part that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains ...." 5 U.S.C.A. § 552a(b) (West 2011) (emphasis added). Section (g)(1) of the Privacy Act states in pertinent part that

> Whenever any agency ... (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil

>action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C.A. § 552a(g)(1) (West 2011).

"To state a Privacy Act claim a plaintiff must show that: 1) the information at issue is a record contained within a system of records; 2) the agency violated the Act with respect to that record; 3) the disclosure had an adverse effect on the plaintiff; and 4) the violation was willful or intentional." International Union, Security, Police, and Fire Professionals of America (SPFPA) v. U.S. Marshal's Service, 350 F.Supp.2d 522, 528 (S.D.N.Y. 2004).

In this case, the plaintiff's eight page response to the motion for summary judgment contains no supporting case law, in fact, it contains no case law whatsoever. Plaintiff's response amounts to an assertion by plaintiff's counsel that, although there is no proof to support this claim, plaintiff orally requested that no psychiatric information be released with the medical documents. Plaintiff argues that it was the VA's responsibility to assist plaintiff in filing the authorization to disclose medical records.

Due to the lack of substance in plaintiff's reply to the present motion, the court took particular care in reading the voluminous depositions of plaintiff and his girlfriend, as well as the exhibits provided. The court finds that the

8

information at issue here is a record contained within a system of records, satisfying the first element of the claim. However, the court finds no evidence that the agency violated the Act with respect to that record, nor did the disclosure have an adverse effect on the plaintiff. With no violation, the fourth element of willfulness and intent therefore becomes moot.

In reviewing the authorization that forms the basis of the case before it (Doc. No. 22-9 at p. 41), the court found that the plaintiff in fact made notes on the written authorization, albeit in the section marked "For VA Use Only," consisting of dates of the injury, treatment, physical therapy, and so forth, which, according to his deposition testimony, he copied from personal notes that he carried into the medical records office. Throughout the lengthy deposition, plaintiff offered no explanation as to why he failed to put his objection to the release of any psychiatric information in writing on the same document.

After reviewing the record in its entirety, the court finds that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. This finding is made both due to plaintiff's failure to set forth specific facts showing that there is a genuine issue for trial, and because defendant's contention that plaintiff's request for medical records contained no exception, exclusion, or request for redaction for psychiatric records was deemed

admitted when there was no opposition to this fact, due to plaintiff's failure to submit a statement of material facts opposing this assertion.

Defendant also argues, and the court concurs, that any damages of which plaintiff complained were speculative, and plaintiff not only offered no proof, he offered no argument providing specific information that he had suffered any adverse affects from the release of medical records containing his psychiatric information. This issue was deemed admitted, <u>supra</u>, and was not controverted by plaintiff's rebuttal in response to the motion. Accordingly, the court finds no genuine issue of material fact on the issue of damages.

### III. Conclusion

For the reasons set forth above, the defendant's motion for summary judgment (Doc. No. 22) is hereby GRANTED. The Clerk is instructed to close this case.

SO ORDERED.

September 14, 2011

_____
Neal P. McCurn
Senior U.S. District Judge